**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PHILLIP QUINN,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:24-1248** |
| **v.** | : | **(JUDGE MANNION)** |
| **WELLPATH MEDICAL SERVICES, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

Presently before the Court is Grossnickle's, Karen Merritt-Scully's, Blanche Milo's, Lynette Rich's, and SCI Coal Township Medical Department's ("DOC Defendants") motion to strike judgment. (**Doc. 46**). For the reasons set forth herein, the motion will be **GRANTED.**

**I. BACKGROUND**

This case began in the County Court with the filing of a complaint on April 11, 2023. (Doc. 1-1). On June 2, 2023, Plaintiff filed a motion to supplement the complaint and a copy of a proposed amended complaint. (Doc. 1-3 at 10). The County Court denied the motion, noting that the Defendants had not been properly served with the original complaint. *Id.* at 16. On September 11, 2023, Phillip Quinn ("Plaintiff"), wrote a letter to the County Court indicating that he attempted service by mail, yet he provided

no return of service. *Id.* at 16, 19-20 (ordering Plaintiff to provide proper proof of service).

On October 25, 2023, Plaintiff filed a second motion to supplement the complaint with a copy of the proposed amended complaint. *Id.* at 48. The motion to supplement the complaint was not decided by the County Court. (Doc. 47 at 3). In September 2023, some Defendants received a copy of an amended complaint dated September 19, 2023, but the complaint was never filed with the County Court. *Id.* Accordingly, the operative complaint remains the April 11, 2023 complaint.

On February 9, 2024, the County Court docketed a request for entry of default by Plaintiff against Grossnickle, Rich, Milo, and other non-Department Defendants. (Doc. 5-1 at 1-33, 42-45). DOC Defendants claim that none of them received the entry of default requests. (Doc. 47 at 4). Subsequently, although Plaintiff did not serve original process, nor file return of service as required by 231 Pa. Code r. 405 and the County Court's July 25, 2023 Order, (Doc. 1-3 at 16), the County Court entered default judgment against Milo, Rich, and non-Department Defendants including Brian Davis, Dr. Zachary Rottman, the Collegiate Board Members, and an unnamed Defendant on February 22, 2024. (Doc. 5-1 at 41, 46-51).

After DOC Defendants learned of the default—and the case in the first instance—they filed a petition to strike the judgment on March 28, 2024. (Doc. 5-1 at 107). The County Court did not decide the petition prior to the case's removal to this Court. (Doc. 47 at 4). However, the case still moved forward: on April 19, 2024, DOC Defendants provided notice to Plaintiff of their intention to seek judgment *non pros* pursuant to Pa.R.C.P. 1042.2. (Doc. 5-3 at 18). They subsequently filed a praecipe for entry of judgment *non pros*. (Doc. 5-4 at 40). On May 22, 2024, the County Court scheduled oral argument on DOC Defendants' praecipe for July 18, 2024. *Id.* at 31. While the praecipe was pending, the Sheriff served a copy of the original complaint on DOC Defendants. (Doc. 47 at 5). Thereafter, the County Court heard oral argument on the pending praecipe, and entered judgment of *non pros* in favor of DOC Defendants on July 22, 2024. (Doc. 5-4 at 31, 37).

On July 25, 2024, DOC Defendants removed the case to this Court. (Doc. 1). On October 6, 2025, DOC Defendants filed the instant motion and corresponding brief. (Docs. 46, 47). Plaintiff did not respond to the motion. Nonetheless, on August 26, 2026, this Court ordered Plaintiff to file a response. (Doc. 71). On September 11, 2026, Plaintiff filed a motion requesting an additional ten days to file a response. (Doc. 76). Pursuant to his own extension request, Plaintiff should have filed a response by Monday,

September 21, 2026. However, as of the date of this Memorandum, Plaintiff has not filed a response to the motion, despite having responded to another motion. Accordingly, the Court will rule on the motion as filed.[1]

## II. DISCUSSION

A civil action filed in state court may be removed to a federal district court by filing a notice of removal, as occurred here. *See* 28 U.S.C. §1446(a). When removal occurs, "the State court shall proceed no further unless and until the case is remanded." *Id.*, §1446(d). Thus, "[a]s far as the default judgment previously entered in the State Court is concerned, there is no question that under the general removal statute it is within the power of a Federal Court to set aside a default judgment rendered by a State Court before removal of a particular case." *Defillipis v. Dell Financial Servs.*, No. 3:14-CV-115, 2014 WL 3921371, at *2 (M.D.Pa. Aug. 11, 2014) (quoting *Kizer v. Sherwood,* 311 F.Supp. 809, 811 (M.D.Pa. 1970) (collecting cases) (internal citations omitted)).

[1] In its August 26, 2026 Order, the Court notified Plaintiff that if he failed to timely respond to the motion, the motion would be granted as unopposed. (Doc. 71); *see also* M.D.Pa.L.R. 7.6.

DOC Defendants' motion to strike judgment seeks relief pursuant to the Federal Rule of Civil Procedure Rule 60. Under Fed.R.Civ.P. 60(b), a motion to strike judgment may be granted when there is:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Furthermore, Rule 60 "does not confer upon the district courts a standardless residual of discretionary power to set aside judgments." *Moolenaar v. Gov. of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citations omitted). Rather, it is settled that relief under Rule 60 is "extraordinary and may be granted only upon a showing of exceptional circumstances." *United States Steel Corp. v. Fraternal Assoc. of Steel Haulers,* 601 F.2d 1269, 1274 (3d Cir.1979) (*citing Mayberry v. Maroney*, 529 F.2d 332, 337 (3d Cir. 1976)) (internal quotations omitted).

The question before the Court is whether extraordinary circumstances exist such that DOC Defendants' motion should be granted, and the County Court's February 22, 2024 entry of judgment against them should be stricken. The Court finds that they do.

"[A]n individual . . . may be served . . . by following state law for servi[ce] . . . in the state where the district court is located or where service is made[.]" Fed.R.Civ.P. 4(e). Because this action originated in Pennsylvania State Court, Pennsylvania rules of service are applied. In Pennsylvania, original process is served within the Commonwealth only by the sheriff or by a competent adult. Pa.R.C.P. 400. In addition, service of original process upon the Commonwealth or any Commonwealth department, such as the DOC, requires service by hand delivery—not mail—both upon the department and the Office of the Attorney General. Pa.R.C.P. 422.

Here, Plaintiff claimed that he served DOC Defendants via mail, but he failed to provide any return of service pursuant to Pa.R.C.P. 405. *See* Pa.R.C.P. 405(a)-(b) ("When service of original process has been made the sheriff or other person making service shall make a return of service forthwith . . . A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made."). And, even

if he had, the underlying service of process would have been, nonetheless, insufficient for the Commonwealth department Defendants. *See* Pa.R.C.P. 422; (Doc. 1-3 at 16).

With respect to the entry of judgment against DOC Defendants, a prothonotary is barred from entering judgment in favor of a plaintiff unless proper notice was sent to the defendants at least ten days prior to the request for default, and the notice includes a certification by the plaintiff that written notice of intention to file the praecipe was mailed or delivered to the defendants. *See* Pa.R.C.P. 237.1. Plaintiff only filed a request for entry of judgment against Grossnickle, Rich, Milo, and other non-Department defendants, and no DOC Defendant received a request for default. (Docs. 5-1 at 1-33, 42-45; 47 at 9).

Here, it is apparent that default judgment was entered against DOC Defendants by mistake. Fed.R.Civ.P. 60(b). The record clearly shows that the County Court acknowledged that Plaintiff failed to properly serve the original complaint. (Docs. 1-3 at 16; 5-1 at 41, 46-51). "These defects in the service of process render service improper." *Defillipis*, 2014 WL 3921371, at *4. "The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." *Id.* (quoting *Sharp v. Valley Forge Med.*

*Ctr. & Heart Hosp., Inc.*, 422 Pa. 124, 221 A.2d 185, 187 (Pa. 1966)). Because service was improper on DOC Defendants, the default entered against them was void *ab initio. See id.*

Second, the Court's entry of default did not comply with Pa.R.C.P. 237.1 because DOC Defendants were not notified of Plaintiff's request for entry of judgment. (Doc. 47 at 9). Finally, and importantly, after the County Court entered judgment against DOC Defendants, it proceeded to entertain—and grant—DOC Defendants' praecipe for judgment of *non pros* in their favor on July 22, 2024. (Doc. 5-4 at 37). This further indicates that the County Court's entry of judgment against DOC Defendants was clearly made in error.

## IV. CONCLUSION

Accordingly, the motion to strike judgment (**Doc. 46**) will be **GRANTED**. The County Court's February 22, 2024 entries of default judgment will be **STRICKEN** from the record. An appropriate order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 9/25/26
24-1248-03